UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RED APPLE MEDIA, INC.,

    Plaintiff,

-v-

JOHN BATCHELOR, UNION RIVER PRESS, INC., AUDIOBOOM LIMITED, THE WEISS AGENCY, INC., and NICHOLAS G. MALONE,

    Defendants.

---

23-cv-10253 (JSR)

ORDER

JED S. RAKOFF, U.S.D.J.:

Defendants John Batchelor, Union River Press, Inc., The Weiss Agency, Inc., and Audioboom Limited ("Audioboom") have moved to dismiss, in whole or in part, Counts One through Four and Six through Eleven[1] of plaintiff's complaint on the grounds that (a) the claim is preempted by the Copyright Act and/or (b) the complaint fails to state a claim. See Dkts. 12, 16.[2] Plaintiff Red Apple Media, Inc. has cross-moved to remand the case to New York State court. See Dkt. 18. The Court heard oral argument on these motions on February 16, 2024. After full consideration of the parties' written submission and the parties'

---

[1] The complaint incorrectly identified two claims as Count Ten. The Court treats the second of these, a claim for an accounting, as Count Eleven.

[2] Count Five of the complaint asserts claims against defendant Nicholas Malone. Malone's counsel appeared at oral argument but has not entered an appearance in the case and has not filed a motion to dismiss this claim. Accordingly, Count Five will remain in the case.

representations at oral argument the Court hereby makes the following rulings:

The motion to dismiss Counts One and Three on the grounds of Copyright Act preemption is granted. The motion to dismiss Counts Two, Ten, and Eleven for failure to state a claim is granted.[3] The motion to dismiss Count Four is denied insofar as the claim is predicated upon a breach of fiduciary duty by Malone, but in all other respects the motion to dismiss is granted. The motion to partially dismiss Count Seven on the grounds of Copyright Act preemption is granted, but only insofar as the claim is predicated upon Audioboom's alleged failure to remove certain show content from its platform following expiration of the agreement between the parties. The motion to dismiss Counts Six, Eight and Nine is denied. Plaintiff's cross-motion to remand is denied.

An opinion explaining the reasons for these rulings will follow in due course.

The Clerk is respectfully directed to close docket entries 12, 16 and 18 in the above-captioned matter.

SO ORDERED.

New York, NY
February 21, 2024

_____
JED S. RAKOFF, U.S.D.J.

---

[3] The Court does not reach the question of whether Counts Two, Ten, and Eleven are also preempted by the Copyright Act.